UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 09–CV–00745-JLK-MJW

TIAN YI TONG INVESTMENT LTD.,

Plaintiff,

v.

AIR AUSTRAL,

Defendant.

## JUDGMENT AND ORDER

This action having been brought by Plaintiff Tian Yi Tong Investment Ltd. ("TYTI") against Defendant Air Austral for declaratory relief to establish that TYTI's registration and use of the domain name "airaustralsucks.com" is not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d);

Air Austral having been given several extensions of time to answer or otherwise respond but failing to do so;

TYTI having filed a Motion for Entry of Default and Default Judgment Against Defendant Air Austral on December 9, 2009 [Docs. 17 and 17-1 – 17-12];

The Court having issued a Minute Order Regarding Motion for Entry of Default and Hearing on Motion for Entry of Default Judgment Against Defendant Air Austral on December 15, 2009 [Doc. 19], which directed the Clerk of the Court to enter Air Austral's default under

Federal Rule of Civil Procedure 55(a) and setting for December 30, 2009 at 10:00 a.m. a hearing on TYTI's Motion for Entry of Default Judgment Against Defendant Air Austral

The Clerk of the Court having entered default against Air Austral under Federal Rule of Civil Procedure 55(a) on December 16, 2009 [Doc. 20];

The Court, having (a) conducted a hearing on TYTI's Motion for Entry of Default Judgment Against Defendant Air Austral on December 30, 2009, with TYTI having appeared (through counsel) and Air Austral having failed to appear, (b) considered all papers filed in connection with TYTI's Motion for Entry of Default Judgment Against Defendant Air Austral, and (c) heard oral argument of counsel, if any; and further having considered the pleadings in this matter; and for the reasons set forth in the record of the proceedings; and for other and good cause having been shown;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  This Court has jurisdiction over the parties and subject matter of this action;

2.  All affirmative defenses, claims, and counterclaims that have been or could have been raised by Air Austral in this action with respect to TYTI's registration and use of the domain name "airaustralsucks.com" are dismissed with prejudice;

3.  TYTI's registration and use of the domain name "airaustralsucks.com" is not unlawful under the ACPA, 15 U.S.C. § 1125(d);

4.  TYTI's registration and use of the domain name "airaustralsucks.com" does not constitute a bad faith intent to profit from Air Austral's AIR AUSTRAL mark under the ACPA, 15 U.S.C. § 1125(d);

5.    TYTI is not required to transfer the registration for the domain name "airaustralsucks.com" to Air Austral;

6.    Name.com, LLC., the Registrar for the domain name "airaustralsucks.com," shall not transfer the registration for the domain name "airaustralsucks.com" to Air Austral;

7.    This Judgment and Order is binding upon and constitutes claim preclusion and issue preclusion with respect to TYTI's registration and use of the domain name "airaustralsucks.com" between the parties in this action or in any other action between the parties;

8.    This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment and Order; and

9.    Providing all such other and further relief as the Court deems just and proper.

SO ORDERED

Dated: Dec. 30, 2009

THE HON. JOHN L. KANE
UNITED STATES DISTRICT JUDGE

3